Roy Weatherup of Lewis, Brisbois, Biscard, and Smith for the defendant and appellant, David Smith. Different Smith, right? Yes. Mr. Smith appeals from a lawless judgment that represents the plaintiff's end run around the law of contract, the law of arbitrability, the constitutional requirement of personal jurisdiction, the choice of law that's here, and also due process of law. Let me first just point out the relevant terms of the contract. On its face, the contract shows that there are just two parties to the contract, two corporations. And the plaintiff doesn't, in its appellee's brief, even contend that on its face, the contract has any more than two parties. So that, Mr. Smith, is not a party to it. There's an arbitration provision in the contract that refers to jurisdiction. But the jurisdiction referred to is the jurisdiction of the arbitrator to decide the scope of the dispute, not the question of personal jurisdiction, which is a constitutional issue that only a court can decide. Also, the contract has a self-executing arbitration provision, but this provision binds only to the parties to the contract. These are all very clear aspects of contract law which are ignored by the plaintiff and were ignored by the district court. Let me first address arbitrability, because that's the simplest issue, because it appears directly controlled by a decision of the Supreme Court of the United States, the first options of Chicago versus Kaplan. In this case, there was a dispute between a stock trade clearing firm and an investment company. The investment company was owned by a man as the sole stockholder. The stock trading company claimed that the dispute also bound, and the arbitration agreement between the two companies also bound, the owner of the investment company and his wife. Well, didn't you get a district court determination here as to whether there was, whether Mr. Smith was bound by the contract? In other words, the district court determined personal jurisdiction. And its determination was in error as a matter of law for the same reasons as in the first options case. The district court merely rubber-stamped what the arbitrator said, and the arbitrator had no right to say any of it. I didn't see the district court actually deferring to the arbitrator. Was there language in the district court opinion where there was an express deference to the arbitrator's position? Or are you just inferring that? Well, from what was before the court, the courts had no basis to make any factual findings regarding jurisdiction or arbitrability. But in the first option case, that's what the district court did. There wasn't any evidence in the record before the district court in determining alter ego? Is that what you're saying? Well, alter ego, it cannot be reached until there's first arbitrability and jurisdiction, and that never occurred. Well, the district court made that determination based on, for personal jurisdiction, correct? No, the district court merely recited what the arbitrator found as to jurisdiction as flowing from the contract, and it certainly did not flow from the contract. And that was the same issue as in the first options case where the district court did what it did here, but the Third Circuit reversed and the Supreme Court of the United States affirmed the third district. It held that there is no duty to arbitrate if you don't agree to it, and that the Third Circuit was right in finding as a matter of law that the couple, the Kaplan's, had not agreed to individually be bound by an arbitration, that this was agreement only between the two companies. And the opinion by Justice Breyer said that a party does not agree to arbitrate unless it's entirely and unmistakably clear that they've agreed to do so. And Mr. Smith never agreed to arbitrate in his individual capacity. But there's still another reason why this is not arbitrable, the fact that Mr. Smith did not agree to it. It's the fact that where an arbitration provision is challenged rather than a contract as a whole, the court must determine the validity of the arbitration provision before there is any arbitration. And this principle is found in many cases, most recently in the Ninth Circuit opinion, and Bridge Fund Capital versus Big Bad One LLC versus Fast Bucks Franchise Corporation. But in this case, the plaintiff short circuited and made an end run around this rule of law. And that invalidates the entire judgment that arbitrability must be determined before arbitration if there's a dispute over whether a party is bound to arbitrate or a dispute over the validity and applicability of the arbitration agreement. If Smith is the alter ego of Hydra Space, as the district court found, isn't he then bound by the arbitration? Alter ego is a theory of liability. It does not establish an agreement to arbitrate and it does not establish personal jurisdiction and it doesn't change the meaning of the contract. And so alter ego... I'm not sure what you just said. Pardon? I didn't understand what you just said. Alter ego is a legal theory recognized in California and elsewhere whereby an individual can be held liable for the obligations of a corporation. These are one and the same thing, right? Yes, however, before there can be any such finding, a court must determine that the dispute involving the corporation also is one that the individual agreed to arbitrate and the court cannot enter judgment unless it determines that the court had personal jurisdiction over the individual. So if the plaintiff here wants to pursue an alter ego theory, they have to go to Great Britain and do it. It can't be done by an arbitrator. And in here, the evidence offered on alter ego is insufficient as a matter of law, as stated in the defendant's briefs. I will reserve the rest of my time for rebuttal. Thank you. Good morning. Dan Sissel on behalf of Appley, Kirby Morgan, and with me is Christine Kaczynski. That's Kaczynski with an S. I have a question. No question. I'd just like to say that none of the narrow grounds for judicial review of an arbitral award justify overturning the award here. This case kind of reminds me of that scene from The Wizard of Oz where Dorothy and the scarecrow and the man in the lion show up before the wizard and there's a malfunction and the wizard says, don't pay attention to that man behind the curtain. Well, that man behind the curtain is Mr. Smith. There is no doubt that this individual is Hydra Space. In fact, recall the procedural posture of this case, that after receiving Kirby Morgan's demand for arbitration, Smith appeared through his attorneys, same attorneys for Hydra Space, at the preliminary status conference with this counsel and it seemed as if Mr. Smith was going to participate in the arbitration because the clause in the agreement was self-executing, the American Arbitration Clause, and their rules basically say the arbitrator has full responsibility for determining whether or not it's arbitrable and whether or not there's personal jurisdiction and provides various rules and that California law would apply. Why was there enough evidence in the record to support the district court's alter ego ruling? As I saw it, the only thing that the district court looked at was evidence that Smith was the sole owner and only director and that Hydra Space was undercapitalized. It went through the other factors but not really with any evidence to support it. So why was that enough to support the ruling? Because in that proceeding what happened is there were declarations and exhibits that both parties submitted and the court did provide an evidentiary determination based upon what was submitted that one, there was jurisdiction and that there was an alter ego, the sameness between Hydra Space and Smith. Looking at all the evidence together, the fact that he was undercapitalized and in fact Hydra Space even told in a letter to the arbitrator that it wasn't going to defend because Hydra Space had no money to participate. But being the sole owner of an undercapitalized corporation or company is not itself enough for alter ego liability, is it? Is there a case that would support that? There is a case, I believe, in the California law we cite in our papers that basically says undercapitalization alone is sufficient to show that there's an alter ego. In this particular case we have sole shareholder, sole director, I think sole employee. We have somebody who is undercapitalized. He signed paperwork. But you only had one or two years undercapitalization information and it wasn't contemporaneous information with regard to transaction time. We do know that under California law at any time where you're undercapitalized it could lead to alter ego. In addition, here we do know at least the times we submitted and the evidence that we had where he testified and signed a sworn statement saying he's undercapitalized and at the time of the arbitration Hydra Space had no money even to defend an arbitration of low cost like this. So on that basis alone, in addition, don't forget Mr. Smith is the tortfeasor here who is using Hydra Space to injure our client and damaging Kirby Morgan here in California. Since you're talking about California law, though, the California courts talk about multi-factor analysis if you're going to find alter ego and there just isn't enough in the record to have that multi-factor analysis it seems. Well, and I will state also that there was, I think under the analysis that Judge Gutierrez made he did look at all the evidence and found sufficient evidence for purposes of the alter ego and I think that that's not clear error here that he has sufficient evidence, he made that determination, he considered the declarations and all the evidence and rendered an opinion independently that there was an alter ego and also the arbitrator decided also looking at all the evidence after taking a day of testimony and numerous witnesses and so forth and exhibits and evidence that there was an alter ego. So there wasn't a rubber stamping, it was two independent groups, the arbitrator and the district court that made the determination of alter ego and it was not a rubber stamping, it was actually a detailed determination and it's interesting to note also that in terms of the confirmation of the word as Judge Gutierrez pointed out in footnote two, Hydrospace does not file an opposition to the petition and did not join any portion of Smith's motion opposing the petition. Therefore, Hydrospace consents to the confirmation and enforcement of the arbitral award against it so that there's an award against Hydrospace and Smith being the alter ego of Hydrospace, there should be likewise an award against him as well which Judge Gutierrez found independently and I will basically state again that... Was there an evidentiary hearing or was this by affidavit? This was by affidavit which is sufficient under California law and I will say also, let's not forget that the arbitrator even stayed the proceedings initially because Mr. Smith's lawyer said, hey, we're going to bring some sort of court action because we don't think we should have to do this and they did file an action, a motion to quash in the district court. Judge Gutierrez at that time early on said, you know, your motion's misplaced, it's improper. There's not subject matter jurisdiction based on what you've pleaded. Now, they had an opportunity to appeal that, they didn't. They had an opportunity to maybe bring a declaratory judgment action saying that there's no personal jurisdiction. But as I understand the argument that the determination of arbitrability has to be done before the arbitration. So here, even assuming we would agree that the district court was correct in finding that Smith and Hydrospace was the alter ego of Hydrospace, that was done after the arbitration. So the argument, as I understand it, is because it wasn't done before, the arbitrator's award is invalid, the arbitration is invalid because he didn't have authority to make that determination as to Smith. And that would be improper under the law because our position would be, and I think it's a correct position, is that it's a fully executing arbitration provision. Right, but only as to the parties, and it hasn't been determined that Smith is a party. That decision has to be made by a court. Our case law in the Supreme Court is very clear on that point. We don't think that that's the case on the cases that were cited because in this case, here we have Mr. Smith signing his name. As the manager for the corporation. Obviously the corporation itself can't sign. So are you disputing, are you saying that Smith signed in his own person on that agreement? I am saying when he signed that agreement, he was Hydrospace and Hydrospace was he, and so it was him signing it. Right, but that determination wasn't made by a court until after the arbitration. Yeah, but recall it was supposed to be made, and the arbitrator stayed the action, although he didn't have to, while they filed this motion to quash. And they were asking Judge Gutierrez to make that determination, and they said, well, there's no subject matter jurisdiction the way you've done this. And so the arbitrator then reinstituted the arbitration, and they didn't pursue the matter any further. Right, but your client didn't have any ruling that Smith was Hydrospace at that point. So you had no ruling that he was party to the arbitration agreement at that point. But the arbitrator did make that determination, and Judge Gutierrez made the determination. So if anything, it's harmless error because it was made by a court. Judge Gutierrez made that finding, so now they're going to quibble with the fact, well, when was that made? And I would say that that would be harmless error because a judge, a judicial judge, made that determination based upon a review of the evidence, looking at the collected evidence. Right, but because it hadn't been made, he didn't participate in the arbitration, so how could that be harmless? Obviously, if he had participated in the arbitration, then we would get the, well, he consented to arbitration, so it was sort of a catch-22 for him, right? But he didn't participate, so it couldn't be harmless. He could especially appear like he did initially and just say, I'm only going to address the arbitrability of this or the personal jurisdiction, like he is here now, like he was in the motion to quash. So he had a lot of options, and you can see how this played out. And if the court's pronouncements will be before any arbitration proceeds, you must run to the court to litigate issues. Then it undermines the true value of arbitration. I don't think that's what the court wants to do, especially when we have international parties who are making agreements and agreeing that if there's a dispute, any kind of dispute, and have very clear rules, and the AAA rules apply. But I think the agreement was between Hydro Space and Kirby Morgan, right? And my argument, one and the same. There's no question about that. It was self-executing as to them. So there's no question about that. But if you're wearing a mask and you're really one person, and you're signing your name, and that's what the alter ego doctrine is all about here. I believe that in this particular case, the court, as a matter of good policy, especially for an international agreement, must say that the parties have to have some sort of resolution of this. Are we going to have Scotland apply AAA rules, apply California law, or are there going to be two different proceedings? And rest assured, I'm sure Mr. Smith will challenge this in the Scottish court, and they can challenge it in personal jurisdiction. So for the purposes of our proceedings, I hope that the court will simply deny their appeal. Thank you very much. Thank you. You have a little time left for a bottle. As to arbitrability, I just want to point out that Mr. Sislo has not attempted to distinguish the first options case where all the same arguments that he has made were rejected. The husband was the sole owner of one of the contracting parties and so forth. As to alter ego, as demonstrated in the appellant's reply brief, the very case to which Mr. Sislo now referred found there an absence of alter ego because the alleged undercapitalization in that case was much after the transaction in the same situation exists here. I do wish to briefly mention the choice of law argument, that the question here basically is whether this issue is controlled by the Volt case or Mastro Buono, because if the court agrees that Volt controls, then California law determines arbitrability and no arbitrability existed because of the absence of a petition to compel arbitration. And this point has never been disputed. Now, Volt should be deemed to control because Volt held that the right to arbitrate or not arbitrate is a matter of substantive contract law. And that's the same situation here. Mastro Buono just dealt with a procedural issue, the measure of damages. And so the choice of law, as dictated in the contract, points to California law. And it's conceded by the plaintiff that if California law controls the question of arbitrability, then this judgment is void, because California law requires that if there's a dispute over the duty to arbitrate, the party seeking arbitration is required to file a petition, according to the California Arbitration Act, to compel arbitration, which never occurred. And the California courts, as stated in the defendant's briefs, have clearly held that the petition is required, and without it, there can be no arbitration. And so for all of the reasons stated in the plaintiff's brief, this judgment must be reversed. There's no arbitrability. There is no personal jurisdiction. The choice of law requires reversals. Thank you. Case documents are now submitted. We are adjourned. All rise. This court is adjourned.
judges: Piersol, Kozinski, Ikuta